**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **PATRICK WAYNE MANNING, II,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | Case No. CIV-13-990-HE |
| ) | |
| **STATE OF OKLAHOMA,** ) | |
| ) | |
| **Respondent.** ) | |

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner appearing pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. United States District Judge Joe Heaton has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Under Rule 4 of the Rules Governing Section 2254 Cases, the undersigned has promptly examined the petition and for the reasons set forth herein, recommends the action be transferred to the United States District Court for the Northern District of Oklahoma.

**I.    Analysis.**

By this action, Petitioner challenges his conviction in the District Court of Tulsa County in Case No. CF-2009-1023. Doc. 1, at Exs. C, D, E, F, G, H, I, J, K, L, M, N, O. Tulsa County is in the Northern District of Oklahoma. 28 U.S.C. § 116(a). Petitioner is currently incarcerated in Comanche County's

Lawton Correctional Facility, which is located within the territorial jurisdiction of the Western District of Oklahoma.  28 U.S.C. § 116(c).  Under these circumstances both of these federal district courts have jurisdiction to entertain this habeas corpus petition, 28 U.S.C. § 2241(d), and this Court may, in its discretion and the interest of justice, "transfer the application to the other district court for hearing and determination." *Id.*

It has been the experience of the federal district courts in Oklahoma that justice is normally better served by the adjudication of the case in the district where the conviction was obtained, since that is where the trial court officials and records are located.  Moreover, in the event of any hearing, trial counsel for the prosecution and Petitioner and any necessary witnesses are ostensibly available in the district where the conviction was obtained.  For these reasons, the federal district courts in Oklahoma have had a longstanding policy favoring transferring habeas actions to the district of conviction.  Petitioner, who apparently knows of the two courts' concurrent jurisdiction, requests that this Court retain the case, arguing he "would have less travel involved if there is need for an evidentiary hearing because he is presently in, and challenging his custody within the Court's jurisdiction." Doc. 1, at 4.[1]  Nonetheless, there is no

---

[1] Page citations to the petition are in sequential order and reflect this court's CMECF pagination.

certainty that Petitioner will be confined in the Western District at the time of any such hearing whereas counsel and other potential witnesses are more likely to be available in the Tulsa County area and within the Northern District.

Based on these considerations, the undersigned recommends the case be transferred to the United States District Court for the Northern District of Oklahoma for all further proceedings.

## II.   Recommendation and notice of right to object.

The undersigned Magistrate Judge recommends this case be transferred to the United States District Court for the Northern District of Oklahoma. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court on or before the 15th day of October, 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both the factual and legal issues contained herein.  *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the above captioned matter.

ENTERED this 25th day of September, 2013.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

4